IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | CRIMINAL NO.: 3:12-CR-809-JFA |
| ) | |
| v. ) | |
| ) | |
| MAURICE ANDERSON ) | |

## PRELIMINARY ORDER OF FORFEITURE

This matter is before the court on the motion of the United States for a Preliminary Order of Forfeiture as to Defendant Maurice Anderson ("Anderson", "Defendant"), based upon the following:

1. On January 16, 2013, a multi-count Superseding Indictment was filed charging Anderson with the following:

   Counts 1 and 2:   Drug trafficking, in violation of 21 U.S.C. §§ 841 and 846.

   Counts 5, 6 and 7:   Maintaining drug-involved premises, in violation of 21 U.S.C. § 856.

   Counts 8 and 17:   Money laundering, in violation of 18 U.S.C. §§ 1956 and 1957.

2. Pursuant to Fed. R. Crim. P. 32.2(a), the Superseding Indictment contained a forfeiture allegation providing that upon Anderson's conviction, certain properties enumerated therein, or equivalent substitute assets, would be subject to forfeiture to the United States. As specified therein, such assets include, but are not limited to the following:

1. Money Judgments[1]:

A. A minimum of approximately $5,000,000.00 in United States currency, and all proceeds traceable thereto, that the Defendants obtained, directly or indirectly, as the result of their violations, in that such sum equals all property derived from, or traceable to 21 U.S.C. §§ 841 and 846, for which the Defendants are jointly and severally liable.

B. A sum of money that the Defendants obtained, directly or indirectly, as the result of their violations, equal to all property involved in the money laundering offenses charged in the Superseding Indictment, or traceable to such property, for which the Defendants are jointly and severally liable.

3. On February 13, 2013, a Bill of Particulars was filed with the court regarding property alleged in the Superseding Indictment, as also being subject to forfeiture to the United States. Such property includes:

2. Vehicle[2]:

A. 2008 Mercedes Benz S550
VIN#: WDDNG86X78A225080
Registered to: Ben Frierson, Jr.
Asset ID: 13-DEA-573629

3. Cash/Currency[3]:

A. $31,158 in U.S. Currency previously seized from Maurice Anderson October 22, 2012.
Asset ID: 13-DEA-573489

B. $7,836 in U.S. Currency previously seized from Maurice Anderson October 22, 2012.
Asset ID: 13-DEA-573481

---

[1] The indictment lists a money judgment for a *minimum* of approximately $5,000,000.00, and the United States seeks a money judgment in the amount $500,000.00, which is the amount the Defendant agreed to in his plea agreement.

[2] The vehicle, a 2008 Mercedes Benz S550, has already been forfeited administratively.

[3] The $31,158 has already been forfeited administratively.

4. On May 3, 2013, Anderson pled guilty to Counts 1 and 8 of the Superseding Indictment.

5. Based upon the Defendant's conviction, the court has determined that the property described above is subject to forfeiture, pursuant to 18 U.S.C. §§ 981(a)(1)(C), 982; 21 U.S.C. §§ 853 and 881, and 28 U.S.C. § 2461(c).

6. The court has determined that the government has established the requisite nexus between the money judgment and the offense for which Anderson has been convicted; therefore, the United States is entitled to a preliminary order of forfeiture, subject to the provisions of 21 U.S.C. § 853 governing third party rights.

Accordingly, it is hereby **ORDERED,**

1. The below-described property, and all right, title, and interest of the Defendant, Maurice Anderson, in and to such property, is hereby forfeited to the United States of America, for disposition in accordance with law, subject to the rights of third parties in such property under 21 U.S.C. § 853(n):

<u>Cash/Currency:</u>

A. $7,836 in U.S. Currency previously seized from Maurice Anderson October 22, 2012.
   Asset ID: 13-DEA-573481

2. FORFEITURE IS ORDERED against Anderson and in favor of the United States in the amount of $500,000.00, along with appropriate costs and interest thereon at the rate provided for in 28 U.S.C. § 1961. The United States may at any time move pursuant to Rule 32.2(e) to amend this Order to substitute property to satisfy the money

judgment.

3. The United States may sell or otherwise dispose of any substitute assets in accordance with law as required to satisfy the above imposed money judgment.

4. Upon the entry of this Order, the United States Attorney is authorized to conduct proper discovery in identifying, locating, or disposing of the described property, or other substitute assets, in accordance with Fed. R. Crim. P. 32.2(b)(3); and to commence proceedings that comply with statutes governing third party rights, if applicable.

5. The government is not required to publish notice regarding the personal money judgment against Defendant; however, the Order shall be recorded in the records of the County Clerk's Office in the County of the debtor's residence, place of business, and any and all other counties in which the debtor has either real or personal property, as a lien thereon.

6. The United States shall publish notice of this Order and its intent to dispose of the personal property in such manner as the Attorney General may direct. The United States may also, to the extent practicable, provide written notice to any person known to have an alleged interest in the said property.

7. Upon entry of this Order, the Drug Enforcement Administration or their designee is authorized to seize the above-described forfeited property as directed by the United States Attorney's Office and to commence proceedings that comply with statutes governing third party rights.

8. Any person, other than the named Defendant, asserting a legal interest in

the subject property may, within thirty days of the final publication of notice or receipt of notice, whichever is earlier, petition the court for a hearing without a jury to adjudicate the validity of his alleged interest in the subject property and for an amendment of the order of forfeiture, pursuant to 21 U.S.C. § 853(n)(6) and Fed. R. Crim. P. 32.2(c).

9. Any petition filed by a third party asserting an interest in the above-described property shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the subject property, the time and circumstances of the petitioner's acquisition of the right, title or interest in such property, and additional facts supporting the petitioner's claim and the relief sought.

10. After the disposition of any motion filed under Fed. R. Crim. P. 32.2(c)(1)(A) and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues.

11. The United States shall have clear title to the property following the court's determination of all third party interests, or, if no petitions are filed, following the expiration of the period provided in 21 U.S.C. § 853(n)(2) for the filing of third party petitions.

12. The court shall retain jurisdiction to resolve disputes which may arise and to enforce and amend this Order as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

13. Upon entry of the criminal judgment, this Order becomes final as to Defendant, and shall be made a part of the sentence and included in the criminal judgment.

14. The Clerk, United States District Court, shall provide one (1) certified copy of this Order to the United States Attorney's Office.

AND IT IS SO ORDERED.

                                              s/Joseph F. Anderson, Jr.

                                              _____
                                              JOSEPH F. ANDERSON, JR.
                                              UNITED STATES DISTRICT JUDGE

October 25, 2013
Columbia, South Carolina